TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00453-CR







Juan Gerardo Moreno, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 91-034-K368, HONORABLE BURT CARNES, JUDGE PRESIDING







PER CURIAM


 The district court found appellant guilty of possessing more than fifty pounds of
marihuana. Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.121, 1989 Tex.
Gen. Laws 2230, 2939 (Tex. Health & Safety Code Ann. § 481.121, since amended). The court
assessed punishment at imprisonment for fifty years and a $5000 fine.

 On December 11, 1990, Department of Public Safety trooper Rudy Aleman stopped
an automobile travelling north on Interstate 35 when he saw that the two occupants were not
wearing seat belts. Appellant was the driver of the car. Appellant's codefendant, Jose Balemar
Fernandez, was the passenger. When Aleman approached the car, he noticed a strong odor of
marihuana. Appellant and Fernandez told Aleman they were driving to Dallas from the Rio
Grande Valley. Fernandez, who said the car belonged to him, gave Aleman permission to search
the vehicle and appellant opened the trunk for the officer. In the trunk were bundles of marihuana
weighing 126 pounds.

 Appellant and Fernandez testified for the limited purpose of supporting their
motions to suppress. They said there was no detectible odor of marihuana and denied giving
Aleman permission to search the car. The district court overruled the motions to suppress and
found each defendant guilty. 

 In point of error one, appellant contends the district court erred by permitting the
same attorney to represent both appellant and his codefendant without taking adequate steps to
determine whether a conflict of interest existed. In point two, appellant urges that trial counsel
was ineffective because he continued to represent both defendants despite the existence of a
conflict of interest.

 The Sixth Amendment does not require trial courts to initiate inquiries into the
propriety of multiple representation in every case. Cuyler v. Sullivan, 446 U.S. 335, 346 (1980). 
Nevertheless, the district court, in an abundance of caution, raised the issue of joint representation
before hearing evidence and asked appellant and Fernandez if they had discussed the possibility
of a conflict of interest with their attorney. Each defendant said he had. In response to further
questioning by the court, the defendants indicated that they wished to be represented by the same
attorney and understood that they were possibly waiving their right to later complain of such joint
representation. On this record, the district court had neither the duty nor the authority to force
appellant or his codefendant to accept different counsel. Point of error one is overruled.

 By insisting on joint representation, appellant assumed the risk of a conflict of
interest and is in no position to complain on appeal that a conflict existed. James v. State, 763
S.W.2d 776, 782 (Tex. Crim. App. 1989). In any event, no actual conflict of interest is shown. 
As in many drug cases, the only significant issue in this cause was the propriety of the search and
seizure. The interests of the two defendants were identical in that regard and appellant does not
argue otherwise. 

 Appellant suggests that after the motion to suppress was overruled, counsel could
have raised the defense that appellant was unaware of the presence of the contraband. Such an
argument would hardly have been plausible in light of the evidence, and such second-guessing
does not prove an actual conflict of interest. Id. at 780-82. Appellant also asserts a conflict of
interest at the punishment stage. He points out that he received a harsher punishment because the
presentence report indicated that he had not been truthful during the interview. Appellant does
not explain, however, how appellant's unfavorable presentence report created a conflict of interest
with Fernandez or why defense counsel could not "argu[e] for one client [at the punishment phase]
without jeopardizing the position of the other." Point of error two is overruled.

 In his remaining points of error, appellant contends the district court should not
have considered the presentence report because appellant did not have the assistance of an
interpreter during the interview, and that trial counsel was ineffective because he did not object
to the use of the presentence report on this ground. Each of these points is premised on the
assumption that appellant cannot speak English, a fact that is not shown by the record. Even if
appellant does not speak English, there is no evidence that an interpreter was not present at the
interview or that appellant was unable to communicate effectively with the probation officer. 
Points of error three and four are overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: September 13, 1995

Do Not Publish



en he saw that the two occupants were not
wearing seat belts. Appellant was the driver of the car. Appellant's codefendant, Jose Balemar
Fernandez, was the passenger. When Aleman approached the car, he noticed a strong odor of
marihuana. Appellant and Fernandez told Aleman they were driving to Dallas from the Rio
Grande Valley. Fernandez, who said the car belonged to him, gave Aleman permission to search
the vehicle and appellant opened the trunk for the officer. In the trunk were bundles of marihuana
weighing 126 pounds.

 Appellant and Fernandez testified for the limited purpose of supporting their
motions to suppress. They said there was no detectible odor of marihuana and denied giving
Aleman permission to search the car. The district court overruled the motions to suppress and
found each defendant guilty. 

 In point of error one, appellant contends the district court erred by permitting the
same attorney to represent both appellant and his codefendant without taking adequate steps to
determine whether a conflict of interest existed. In point two, appellant urges that trial counsel
was ineffective because he continued to represent both defendants despite the existence of a
conflict of interest.

 The Sixth Amendment does not require trial courts to initiate inquiries into the
propriety of multiple representation in every case. Cuyler v. Sullivan, 446 U.S. 335, 346 (1980). 
Nevertheless, the district court, in an abundance of caution, raised the issue of joint representation
before hearing evidence and asked appellant and Fernandez if they had discussed the possibility
of a conflict of interest with their attorney. Each defendant said he had. In response to further
questioning by the court, the defendants indicated that they wished to be represented by the same
attorney and understood that they were possibly waiving their right to later complain of such joint
representation. On this record, the district court had neither the duty nor the authority to force
appellant or his codefendant to accept different counsel. Point of error one is overruled.

 By insisting on joint representation, appellant assumed the risk of a conflict of
interest and is in no position to complain on appeal that a conflict existed. James v. State, 763
S.W.2d 776, 782 (Tex. Crim. App. 1989). In any event, no actual conflict of interest is shown. 
As in many drug cases, the only significant issue in this cause was the propriety of the search and
seizure. The interests of the two defendants were identical in that regard and appell